EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 08-21843-CIV-MORENO/TORRES

VERONICA KELLY, a citizen of Pennsylvania,
LIL SIMON, a citizen of Florida and
RON BAUM, a citizen of Florida,
individually and on behalf of all others
similarly situated,

        Plaintiffss,

vs.

PALMER, REIFLER & ASSOCIATES, P.A.,
a Florida partnership

        Defendant.

_____/

## DEFENDANT'S, PALMER, REIFLER & ASSOCIATES P.A.'S, OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST TEN REQUESTS FOR PRODUCTION

COMES NOW, Defendant, PALMER, REIFLER & ASSOCIATES, P.A., (hereinafter "Defendant"), by and through his undersigned counsel, and files these Objections and Responses to Plaintiffs', VERONICA KELLY'S, LIL SIMON'S, AND RON BAUM'S, (hereinafter "Plaintiffs"), First Request for Production, dated October 7, 2008, and states as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS

1. Defendant objects to Plaintiffs' requests for production to the extent that they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the accountant-client privilege, constitutes confidential business information, trade secret information or any other applicable privilege or doctrine.

2. Defendant objects to Plaintiffs' requests for production to the extent that they are vague, confusing, ambiguous, overbroad, and unduly burdensome and to the extent that they

relate to matters not raised by the pleadings, on the grounds that they are neither relevant to the claims nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant's response to any request is not an admission, nor acknowledgement that the request calls for information that is relevant to the subject matter of this action. Each response is without prejudice to Defendant's right to contend at trial, or in any other subsequent proceeding in this action, that such response to the request is inadmissible, irrelevant, and/or immaterial. Each response is without prejudice to, and does not constitute waiver of, any objection Defendant may make to any future use of such response or documents.

4. The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to that document or any other document or the subject matter of that or any other document. Similarly, the inadvertent production of any confidential (or trade secret) document shall not be deemed a waiver of that document's confidential (or trade secret) nature. Such documents shall be returned to Defendant, without copying, immediately upon request or such discovery by the recipient of such document(s).

5. Except where indicated below, the documents to be produced in response to Plaintiffs' document requests will be made available for inspection and copying in the offices of Defendant's counsel at a mutually convenient date and time to be agreed upon by the parties.

6. A response that inspection will be permitted as requested to a specific request does not necessarily mean that documents will be provided. Such a response means only that if documents exist, and are within Defendant's possession, custody or control and can be located, they will be produced or made available for copying.

7. Defendant objects to all requests which would require reproduction of irrelevant, privileged or proprietary information, or requests that are not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to all requests for production which seek documents that are public record and are available to Plaintiffs in the ordinary course of business at the various entities where the public records are deposited or kept.

9. These general objections apply as and if appropriate, even if the responses herein indicate that the document will be produced or made available for copying.

10. Defendant objects to each of Plaintiffs' requests to the extent that it calls for "all documents" as being vague, overbroad, and unduly burdensome. Read literally, the phrase "all documents" requires the production of enumerable, redundant and irrelevant documents. Defendant interprets the phrase "all documents" reasonably and will produce documents to the extent they exist and do not contain information which is proprietary or privileged, which are responsive to any particular request. To the extent Plaintiffs' expect the phrase "all documents" to be taken literally and as defined, then Defendant objects.

11. Defendant objects to Plaintiffs' "Definitions and Instructions" section in its Request for Production to Defendant to the extent that such definitions and instructions seek to impose more stringent requirements on Defendant than the Rules of Civil Procedure or the discovery rules in effect. Further, Defendant objects to each definition provided by Plaintiffs to the extent that such terms are defined in an overly-broad or overly-narrow fashion, and not intended to be used in their normal fashion.

12. With respect to each of Plaintiffs' Requests for Production, Defendant reserves the right to supplement such discovery as discovery progresses in the present action.

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST TEN REQUESTS FOR PRODUCTION

1. Produce any and all documents regarding your investigation, activity and/or research performed specifically by the Palmer Law Firm regarding the civil recovery letters that were sent by the Palmer Law Firm to (a) Veronica Kelly (and/or her child), (b) Lil Simon (and/or her child), and (c) Ron Baum (and/or is child), prior to the letters being sent out by The Palmer Law Firm.

**RESPONSE:** Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "investigation, activity and/or research performed". Plaintiffs fail to define these terms which prevents Defendant from responding to this request. The request seeks information that is protected by the attorney-client privilege and/or work product doctrine, and therefore is not subject to disclosure. See also, general objections set forth above.

2. Produce any and all documents regarding any and all investigation, activity and/or research performed specifically by the applicable Retailer (where the alleged theft occurred) regarding the civil recovery letters that were sent by the Palmer Law Firm to: (a) Veronica Kelly (and/or her child), (b) Lil Simon (and/or her child), and (c) Ron Baum (and/or his child).

**RESPONSE:** Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "investigation, activity and/or research performed". Plaintiffs fail to define these terms which prevents Defendant from responding to this request. The request seeks information that is protected by the attorney-client privilege and/or work

-4-

product doctrine, and therefore is not subject to disclosure. See also, general objections set forth above.

3. Produce any and all documents relating to each and every civil recovery lawsuit you have filed on behalf of a retail client since June 2000 after sending a civil recovery letter.

RESPONSE: Defendant objects to this request as such is not limited in scope, is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. Plaintiffs have clearly defined the relevant period as "June 2004 and ending at the present time."[1] Any documents prior to June 2004 therefore would be irrelevant and not likely to lead to the discovery of admissible evidence. Further, the request seeks information that is protected by the attorney-client privilege and/or work product doctrine, and therefore is not subject to disclosure. Defendant objects to this request, as phrased, seeks the production of documents/tangible things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Furthermore, to the extent that such information may exist, Defendant objects to the extent that the information sought by Plaintiffs consists of public records such as State and Federal cases and agency complaints that are available to Plaintiffs in the

---

[1] The Relevant Time Period is defined by Plaintiffs at page 6 of their First Ten Requests for Production, dated October 7, 2008

- 5 -

ordinary course of business at the various entities where the public records are deposited or kept. Plaintiffs may derive or obtain the desired information from the examination of such public records. No showing has been made that Plaintiffs is subject to any additional burden or hardship which would render it manifestly unjust or unreasonable for Plaintiffs to obtain, on its own effort and initiative, the requested information. See also, general objections set forth above. Without waiving such objections, and not withstanding same Defendant states see bates stamp numbers labeled 00049-00906.

4. Produce any and all documents that were specifically filed with a court, relating to each and every lawsuit where the Palmer Law firm has been a party (either as Plaintiffs, defendant and/or third party) where an issue was a civil recovery letter generated by The Palmer Law Firm since June 2000.

**RESPONSE**: Defendant objects to this request as such is not limited in scope, is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. Plaintiffs have clearly defined the relevant period as "June 2004 and ending at the present time."[2] Any documents prior to June 2004 therefore would be irrelevant and not likely to lead to the discovery of admissible evidence. Further, the request seeks information that is protected by the attorney-client privilege and/or work product doctrine, and therefore is not subject to disclosure. Defendant objects to this request, as phrased, because it seeks the production of documents/tangible things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of

---

[2] The Relevant Time Period is defined by Plaintiffs at page 6 of their First Ten Requests for Production, dated October 7, 2008.

their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Further, to the extent that such information may exist, Defendant objects to the extent that the information sought by Plaintiffs consists of public records such as State and Federal cases and agency complaints that are available to Plaintiffs in the ordinary course of business at the various entities where the public records are deposited or kept. Plaintiffs may derive or obtain the desired information from the examination of such public records. No showing has been made that Plaintiffs is subject to any additional burden or hardship which would render it manifestly unjust or unreasonable for Plaintiffs to obtain, on its own effort and initiative, the requested information. See also, general objections set forth above. Without waiving such objections, and notwithstanding same, Defendant states see bates stamp numbers 01059-01296; 00907-01058; 00001-00048; 01884-02314.

5. Produce any and all documents regarding any and all investigations, activity and/or research performed personally by Mr. James Palmer regarding the letters sent to the Plaintiffs in this case.

RESPONSE: Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "investigation, activity and/or research performed". In addition, Plaintiffs have failed to define the term employed "personally." Plaintiffs fail to define these terms which prevents Defendant from responding to this request. The request seeks information that is protected by the attorney-client privilege and/or work product doctrine,

- 7 -

and therefore is not subject to disclosure. Defendant objects to this request, as phrased, seeks the production of documents/tangible things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. See also, general objections set forth above.

6. Produce a complete copy of any and all contracts between the Palmer Law Firm and APIS Asset Protection Information System, RuMe Interactive Corporation and/or Learn it Solutions regarding the civil recovery practice.

**RESPONSE**: Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. To the extent that the requested materials and documents contained therein may exist, such may be obtained from sources other than Defendant in the ordinary course of business at the entities where such records may be maintained, deposited or kept. In the event a court deems that the requested items are subject to production, Defendant would state that there are less intrusive and oppressive methods of obtaining the desired information. See also, general objections set forth above. Without waiving said objection, and notwithstanding same, Defendant states that no such document(s) exist.

- 8 -

7. Produce a complete copy of any and all agreements and/or contracts between The Palmer Law Firm and the retailer clients where the alleged theft occurred for the three named Plaintiffs regarding civil demand letters.

**RESPONSE:** Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. These documents contain client lists or other sensitive proprietary information not subject to disclosure. To the extent that the requested materials and documents contained therein may exist, such may be obtained from sources other than Defendant in the ordinary course of business at the entities where such records may be maintained, deposited or kept. In the event a court deems that the requested items are subject to production, Defendant would state that there are less intrusive and oppressive methods of obtaining the desired information. Furthermore, the information requested is protected by the Attorney-Client Privilege and is not subject to disclosure. See also, general objections set forth above.

8. Produce a copy of any and all promotional and information materials that you have provided to your retail clients regarding your civil demand services.

**RESPONSE:** Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. See also, general objections set forth above. Without waiving said objection, and notwithstanding same, see bates stamp numbers 02315-02390.

9. Produce a list of all of your current retail clients.

**RESPONSE:** Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. These documents contain client lists or other sensitive proprietary information not subject to disclosure.

10. Produce any and all documents that you have received and/or sent to any federal and/or state bar and/or regulatory body regarding your civil demand practices.

**RESPONSE:** Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what documents Plaintiffs are seeking as phrased. Further, the request seeks information that is protected by the attorney-client privilege and/or work product doctrine, and therefore is not subject to disclosure. Further, to the extent that such information may exist, Defendant objects to the extent that the information sought by Plaintiffs consists of public records such as State and Federal cases and agency complaints that are available to Plaintiffs in the ordinary course of business at the various entities where the public records are deposited or kept. Plaintiffs may derive or obtain the desired information from the examination of such public records. No showing has been made that Plaintiffs is subject to any additional burden or hardship which would render it manifestly unjust or unreasonable for Plaintiffs to obtain, on its own effort and initiative, the requested information. See also, general objections set forth above. Without waiving such objections, and not withstanding same, see bates stamp numbers 01803-01883; 01297-01802.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☒ First Class U.S. Mail; ☒ facsimile transmission, and/or ☐ hand-delivery, to: Alison Harke, Esquire and Lance Harke, Esq., Harke & Clasby, LLP, 155 S. Miami Avenue, Suite 600, Miami, Florida 33130 (facsimile 305-536-8223); Thomas A. Tucker Ronzetti, Esq. and Adam M. Moskowitz, Esq., Kozyak, Tropin & Throckmorton, P.A., 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134 (facsimile 305-372-3508); Jeffrey L. Kodroff, Esq. Spector, Roseman, & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103 (facsimile 215-496-6611); this 8th day of December, 2008.

Respectfully Submitted,

LYDECKER, LEE, BEHAR, BERGA &
DE ZAYAS, L.L.C.
Attorneys for Defendants
1201 Brickell Avenue, Fifth Floor
Miami, Florida 33131
(305) 416-3180 - Telephone
(305) 416-3190 - Facsimile

By: /s/ Alan Feldman
    ALAN S. FELDMAN
    FBN: 797251