EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 08-21843-CIV-MORENO/TORRES

VERONICA KELLY, a citizen of Pennsylvania,
LIL SIMON, a citizen of Florida and
RON BAUM, a citizen of Florida,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

PALMER, REIFLER & ASSOCIATES, P.A.,
a Florida partnership

        Defendant.

_____/

## DEFENDANT'S, PALMER, REIFLER & ASSOCIATES P.A.'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST THIRTEEN INTERROGATORIES TO DEFENDANT PALMER, REIFLER & ASSOCIATES P.A.

COMES NOW, Defendant, PALMER, REIFLER & ASSOCIATES, P.A., (hereinafter "Defendant"), by and through their undersigned counsel, and files these Objections and Responses to Plaintiffs', VERONICA KELLY'S, LIL SIMON'S, AND RON BAUM'S, (hereinafter "Plaintiffs"), First Thirteen Interrogatories, dated October 7, 2008, and states as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.     In responding to these interrogatories, Defendant does not waive any objection to the admission in evidence of such responses on any grounds, including but not limited to the relevancy of such responses.

2. The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, his or her agents, representatives and attorneys, unless privileged.

3. The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers, and thus does not necessarily purport to be the precise language of the executing party.

4. Defendant generally objects to Plaintiffs' discovery to the extent it calls for any information protected by any privilege, including, without limitation, the attorney/client privilege, attorney work-product, or documents or materials prepared in anticipation of litigation or for trial which are outside of the scope of discovery permitted by the Rules of Civil Procedure, each of which privilege or protection is hereby asserted, and will not be waived.

5. Defendant objects to Plaintiffs' requests to the extent that they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the accountant-client privilege, constitutes confidential business information, trade secret information or any other applicable privilege or doctrine.

6. Many of the interrogatories seek information which will be the subject of interrogatories to other parties in this litigation. Defendant reserves the right to supplement these responses as necessary.

7. Defendant objects to all interrogatories which would require the disclosure of irrelevant, privileged or proprietary information, or information that is not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to all interrogatories which seek information that is a matter of public record and is available to the Plaintiffs in the ordinary course of business at the various entities where the public records are deposited or kept.

9. Defendants objects to Plaintiffs' "definitions and instructions" section in its interrogatories to Defendant to the extent that such definitions and instructions seek to impose more stringent requirements on Defendant than the Rules of Civil Procedure or the discovery rules in effect. Further, Defendant objects to each definition provided by Plaintiffs to the extent that such terms are defined in an overly-broad or overly-narrow fashion, and not intended to be used in their normal fashion.

10. Defendant objects to Plaintiffs' request to the extent that they are vague, confusing, ambiguous, overbroad, and unduly burdensome and to the extent that they relate to matters not raised by the pleadings, on the grounds that they are neither relevant to the claims nor reasonably calculated to lead to the discovery of admissible evidence.

11. Defendant's response to any request is not an admission, nor acknowledgement that the request calls for information that is relevant to the subject matter of this action. Each response is without prejudice to Defendant's right to contend at trial, or in any other subsequent proceeding in this action, that such response to the request is inadmissible, irrelevant, and/or immaterial. Each response is without prejudice to, and does not constitute waiver of, any objection Defendant may make to any future use of such response.

12. The inadvertent disclosure of any confidential (or trade secret) information shall not be deemed a waiver of that information's confidential (or trade secret) nature.

13. Except where indicated below, the documents to be produced in response to Plaintiffs' request for information will be made available for inspection and copying in the offices of Defendant's counsel at a mutually convenient date and time to be agreed upon by the parties.

14. A response that inspection will be permitted as requested to a specific request does not necessarily mean that documents will be provided. Such a response means only that if documents exist, are within Defendant's possession, custody or control, can be located, and disclosure is appropriate, they will be produced or made available for copying.

15. Defendant objects to all requests which would require reproduction of irrelevant, privileged or proprietary information, or requests that are not reasonably calculated to lead to the discovery of admissible evidence.

16. With respect to each of Plaintiffs' interrogatories, Defendant reserves the right to supplement such discovery as discovery progresses in the present action.

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST THIRTEEN INTERROGATORES

1. Please describe any and all investigation, activity and/or research performed specifically by Palmer Law Firm regarding the civil recovery letters that were sent by the Palmer Law Firm to: (a) Veronica Kelly (and/or her child), (b) Lil Simon (and/or her child), and (c) Ron Baum (and/or his child), prior to the letters being sent out by the Palmer Law Firm.

**ANSWER**: Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "investigation, activity and/or research performed". Plaintiffs fail to define these terms which prevents Defendant from responding to this request. Further, Defendant objects to this request, as phrased, seeks the information prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend its response to this Interrogatory, as discovery is ongoing. Defendant further objects to this request as it seeks information that is reflective of methodologies and manner in which Defendant evaluates a potential matter for civil proceedings, all of which constitute a trade secret and proprietary information that is not subject to disclosure. See also, general objections set forth above.

2. Please describe any and all ways that the investigation performed by the Palmer Law Firm in response to Interrogatory 1, differed in any manner from the investigation activity and/or research performed by the Palmer Law firm for civil recovery letters the

Palmer Law firm have sent for: (a) that same retailer client during the relevant time frame to other persons, and (b) other retailer clients during the relevant time frame for other persons.

**ANSWER:** Defendant objects to this request as such is not limited in scope, is overbroad, ambiguous, vague, unduly burdensome, seeks information that is not relevant, nor likely to lead to the discovery of admissible evidence, and it is intended for the purpose of harassment and annoyance. Further, Defendant objects to this request, as phrased, seeks information prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend its response to this Interrogatory, as discovery is ongoing. Defendant further objects to this request as it seeks information that is reflective of methodologies and manner in which Defendant evaluates a potential matter for civil proceedings, all of which constitute a trade secret and proprietary information that is not subject to disclosure. See also, general objections set forth above.

3. Please describe any and all investigation, activity and/or research performed specifically by the applicable Retailer (where the alleged theft occurred) regarding the civil recovery letters that were sent by the Palmer Law Firm to: (a) Veronica Kelly (and/or her child), (b) Lil Simon (and/or her child), and (c) Ron Baum (and/or his child).

**ANSWER:** **Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "investigation, activity and/or research performed". Plaintiffs fail to define these terms which prevents Defendant from responding to this request. Further, Defendant objects to this request, as phrased, it seeks information prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend its response to this Interrogatory, as discovery is ongoing. Defendant further objects to this request as it seeks information that is reflective of methodologies and manner in which Defendant evaluates a potential matter for civil proceedings, all of which constitute**

a trade secret and proprietary information that is not subject to disclosure. See also, general objections set forth above.

4. Please identify how much total income you have received from your civil recovery practice since June 2004 broken down by year.

**ANSWER**: Defendant objects to this request as such seeks information that is not relevant, nor likely to lead to the discovery of admissible evidence, and it is intended for the purpose of harassment and annoyance. Defendant also objects to this requests as it is vague and ambiguous. Plaintiffs fail define the term employed "total income" and as such Defendant is unclear what information Plaintiffs seek by this request. Furthermore, as phrased Plaintiffs seeks information that is proprietary in nature, confidential and thus is not subject to disclosure. Defendant objects to the definition of "You" to the extent Plaintiffs attempt to extend liability to any individual who may be associated with Defendant. Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance as there is no claim of individual liability in this matter, nor can there be. See also, general objections set forth above.

5. Please identify each and every civil recovery lawsuit you have filed on behalf of a retail client since June 2000 after sending a civil recovery letter including (1) the date, court, and court file number, and (2) name of the Defendant.

**ANSWER**: Defendant objects to this request as such is not limited in scope, is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. Plaintiffs have clearly defined the relevant period as

- 8 -

"June 2004 and ending at the present time."[1] Any documents prior to June 2004 therefore would be irrelevant and not likely to lead to the discovery of admissible evidence. Further, Defendant objects to this request, as phrased, it seeks information things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend its response to this Interrogatory, as discovery is ongoing. See also, general objections set forth above. To the extent that such information may exist, Defendant objects to the extent that the information sought by Plaintiffs consist of public records such as State and Federal cases and agency complaints that are available to Plaintiffs in the ordinary course of business at the various entities where the public records are deposited or kept. Plaintiffs may derive or obtain the desired information from the examination of such public records. No showing has been made that Plaintiffs are subject to any additional burden or hardship which would render it manifestly unjust or unreasonable for Plaintiffs to obtain, on its own effort and initiative, the requested

---

[1] The Relevant Time Period is defined by Plaintiffs at page 6 of their First Ten Requests for Production, dated October 7, 2008

- 9 -

information. Without waiving such objections, and not withstanding same see documents produced responsive to Plaintiffs' First Ten Request For Production, dated October 7, 2008, number 3.

6. Please identify each and every lawsuit where the Palmer Law firm has been a party (either as plaintiff, defendant and/or third party) where an issue was civil recovery letter generated by the Palmer Law Firm since June 2000.

**ANSWER**: Defendant objects to this request as such is not limited in scope, is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. Plaintiffs have clearly defined the relevant period as "June 2004 and ending at the present time."[2] Any documents prior to June 2004 therefore would be irrelevant and not likely to lead to the discovery of admissible evidence. Further, Defendant objects to this request, as phrased, seeks information things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend its response to this

---

[2] The Relevant Time Period is defined by Plaintiffs at page 6 of their First Ten Requests for Production, dated October 7, 2008.

- 10 -

Interrogatory, as discovery is ongoing. See also, general objections set forth above. Furthermore, to the extent that such information may exist, Defendant objects to the extent that the information sought by Plaintiffs consist of public records such as State and Federal cases and agency complaints that are available to Plaintiffs in the ordinary course of business at the various entities where the public records are deposited or kept. Plaintiffs may derive or obtain the desired information from the examination of such public records. No showing has been made that Plaintiffs are subject to any additional burden or hardship which would render it manifestly unjust or unreasonable for Plaintiffs to obtain, on its own effort and initiative, the requested information. Without waiving such objections, and notwithstanding same, see documents produced responsive to Plaintiffs' First Ten Request For Production, dated October 7, 2008, numbers 3 and 4.

7.     Please identify how many civil recovery letters you have sent since June 2004, including how many were sent specifically to addresses located in the Southern District of Florida.

ANSWER: Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "addresses located in the Southern District of Florida." Additionally, Defendant Plaintiffs fail to define these terms which prevents Defendant from responding to this request. See also, general objections set forth above. Without waiving said objections, and notwithstanding same, Defendant states 1,383,454.

- 11 -

8. Please identify any and all investigations, activities and/or research that was performed personally by Mr. James Palmer regarding the letters referenced in Interrogatory Number 1, prior to the letters being sent by The Palmer Law Firm.

**ANSWER: Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms of "investigation, activity and/or research performed". In addition, Plaintiffs have failed to define the term employed "personally." Plaintiffs fail to define these terms which prevents Defendant from responding to this request. Further, Defendant objects to this request, as phrased, seeks information things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend its response to this Interrogatory, as discovery is ongoing. See also, general objections set forth above.**

9. Please identify by name and address all local and/or co-counsel you have retained since June 2004 to assist you in your civil recovery practice.

**ANSWER**: Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance. It is unclear what Plaintiffs seek in terms "local and/or co-counsel you have retained since June 2004 to assist." Further, Defendant objects to this request as this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. See also, general objections set forth above.

10. Identify any and all procedures for determining whether there is cause to send the civil recovery letters before they are sent.

**ANSWER**: Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. Further, Defendant objects to this request, as phrased, seeks information things prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, and is therefore protected by the work product and/or the attorney-client privilege. Plaintiffs have made no showing of their need for the materials in the preparation of the case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Furthermore, this request, as phrased, seeks the disclosure of the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorneys concerning the litigation. Defendant reserves its right to provide evidence of any subsequently discovered fact or facts, and to alter or amend

its response to this Interrogatory, as discovery is ongoing. See also, general objections set forth above.

11. Please identify each of your retail clients for your civil recovery practice.

**ANSWER**: Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. See also, general objections set forth above. Defendant objects to this request as such seeks information that is not relevant, nor likely to lead to the discovery of admissible evidence, and it is intended for the purpose of harassment and annoyance. Defendant also objects to this requests as it is vague and ambiguous.

12. Please identify how much income you have generated for each retail client you identified in response to interrogatory 11, including the retailers for which you sent letters to the named representatives.

**ANSWER**: Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and business records that are not subject to disclosure. Defendant also objects to this requests as it is vague and ambiguous. Plaintiffs fail define the term employed "income" and as such Defendant is unclear what information Plaintiffs seek by this request. Defendant objects to the definition of "You" to the extent Plaintiffs attempt to extend liability to any individual who may be associated with Defendant. Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance as there is no claim of individual liability in this matter, nor can there be. See also, general objections set forth above.

- 14 -

13. Please identify the agreed upon percentage of recovery you receive(d) for each retail client identified in response to interrogatory 11, including the specific retailers for which you sent letters to the named representatives.

**ANSWER: Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. Also, the Defendant object to this request as such seeks information that is not relevant, nor likely to lead to the discovery of admissible evidence, and it is intended for the purpose of harassment and annoyance. Defendant objects to the definition of "You" to the extent Plaintiffs attempt to extend liability to any individual who may be associated with Defendant. Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance as there is no claim of individual liability in this matter, nor can there be. Furthermore, the information requested is protected by the Attorney-Client Privilege and is not subject to disclosure. See also, general objections set forth above.**

---

Representative of Palmer, Reifler & Associates

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of December, 2008, by _____.

---

Notary Signature and Seal

---

(Print Name of Notary)

Personally known _____ OR produced identification: _____

Type of Identification Produced: _____

Respectfully Submitted,

LYDECKER, LEE, BEHAR,
BERGA & DE ZAYAS, L.L.C.
Attorneys for Defendants
1201 Brickell Avenue, Fifth Floor
Miami, Florida 33131
(305) 416-3180 - Telephone
(305) 416-3190 – Facsimile

By: /s/Alan S. Feldman
     ALAN S. FELDMAN
     FBN: 797251

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☐ First Class U.S. Mail; ☐ facsimile transmission, and/or ☐ hand-delivery, to: Alison Harke, Esquire and Lance Harke, Esq., Harke & Clasby, LLP, 155 S. Miami Avenue, Suite 600, Miami, Florida 33130 (facsimile 305-536-8223); Thomas A. Tucker Ronzetti, Esq. and Adam M.Moskowitz, Esq., Kozyak, Tropin & Throckmorton, P.A., 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134 (facsimile 305-372-3508); Jeffrey L. Kodroff, Esq. Spector, Roseman, & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103 (facsimile 215-496-6611); this ____ day of December, 2008.

13. Please identify the agreed upon percentage of recovery you receive(d) for each retail client identified in response to interrogatory 11, including the specific retailers for which you sent letters to the named representatives.

**ANSWER:** Defendant objects to this request as such seeks records/information that contain confidential, proprietary, privileged and trade secret information and business records that are not subject to disclosure. Also, the Defendant object to this request as such seeks information that is not relevant, nor likely to lead to the discovery of admissible evidence, and it is intended for the purpose of harassment and annoyance. Defendant objects to the definition of "You" to the extent Plaintiffs attempt to extend liability to any individual who may be associated with Defendant. Defendant objects to this request as such is overbroad, ambiguous, vague, unduly burdensome, and is propounded for harassment and annoyance as there is no claim of individual liability in this matter, nor can there be. Furthermore, the information requested is protected by the Attorney-Client Privilege and is not subject to disclosure. See also, general objections set forth above.

Representative of Palmer, Reifler & Associates

STATE OF _Florida_
COUNTY OF _Orange_

The foregoing instrument was acknowledged before me this _9th_ day of December, 2008, by _Neil O. Reifler_

Notary Signature

- 15 -

Jennifer Starrett
(Print Name of Notary)

Personally known  X   OR produced identification: _____

Type of Identification Produced: _____

Respectfully Submitted,

LYDECKER, LEE, BEHAR,
BERGA & DE ZAYAS, L.L.C.
Attorneys for Defendants
1201 Brickell Avenue, Fifth Floor
Miami, Florida 33131
(305) 416-3180 – Telephone
(305) 416-3190 – Facsimile

By: /s/Alan S. Feldman
    ALAN S. FELDMAN
    FBN: 797251

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was provided, via ☐ First Class U.S. Mail; ☐ facsimile transmission, and/or ☐ hand-delivery, to: Alison Harke, Esquire and Lance Harke, Esq., Harke & Clasby, LLP, 155 S. Miami Avenue, Suite 600, Miami, Florida 33130 (facsimile 305-536-8223); Thomas A. Tucker Ronzetti, Esq. and Adam M. Moskowitz, Esq., Kozyak, Tropin & Throckmorton, P.A., 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134 (facsimile 305-372-3508); Jeffrey L. Kodroff, Esq. Spector, Roseman, & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103 (facsimile 215-496-6611); this _____ day of December, 2008.

- 16 -