EXHIBIT E

**LAW OFFICES OF**
# PALMER, REIFLER & ASSOCIATES, P.A.

1900 Summit Tower Boulevard, Suite 820
Orlando, Florida 32810

**TELEPHONE**
(407) 875-3400
(866) 875-6565

**FACSIMILE**
(407) 875-0739

July 1, 2007

George W. Smith, IV
Assistant Disciplinary Counsel
State Bar of Texas
126 East Nueva, Suite 200
San Antonio, TX 78204

Re: Response to Complaint Filed by Douglas Broden; File S0060718559

Dear Mr. Smith:

Pursuant to Rules 8.01(b) and 8.04(a)(8), please allow me to explain this Law Firm's position regarding our retail client's claim concerning the individual involved in this case. Our firm requests statutory damages from individuals who have been caught in the act of stealing merchandise from retailers and who have demonstrated the requisite intent to deprive the retailers of its merchandise. Below, we have set forth the facts and statutory law upon which our client based its civil claim and addresses the issues raised by attorney Broden.

On April 26, 2007, Mr. Broden's client ("opposing party") was stopped at our client's store for allegedly shoplifting $78.41 worth of merchandise. According to our client, store loss prevention officers observed the opposing party select multiple sockets from a rack in the Hardware Department. The opposing party then removed the sockets from its packaging and concealed the sockets in the front pouch of his sweat shirt. He then selected several other items and concealed them in his pants pockets, passed all available points of sale without making payment and then exited the store via the mall exit.

• Shortly after the incident, our office received a copy of the internal incident report from our client with a request to make written demand for statutory damages from the opposing party. Under North Dakota Century Code Section 51-21-05, "an adult who commits the offense of theft from a merchant is civilly liable to the merchant for the retail value of the merchandise, plus exemplary damages of not more than two hundred fifty dollars, costs of suit, and reasonable attorney's fees." It further states that, "a conviction or plea of guilty for the theft is not a prerequisite to the bringing of a suit hereunder." See Id.

Therefore, at the request of our client and pursuant to North Dakota Century Code Section 51-21-05, our law office mailed a notice on May 7, 2007 to the opposing party

KELLY V PALMER RFP1
01461

explaining that our client was making a statutory civil damages request of $328.41 (calculated from the retail value of the subject merchandise plus allowable exemplary damages of "not more than $200"). This notice was merely a pre-suit request for statutory damages and used cautionary language regarding any potential future action our client might chose to explore. The sending of a demand in this case was an administrative function performed for our client. Mr. Broden's own complaint speaks about the letter as an offer to settle a "possible claim which could result in possible litigation." Our demand letter never threatened a lawsuit. If no amicable agreement could be reached, it would be up to our client to retain local counsel if it wished to proceed into a civil court of law. Because the requested $328.41 was paid on May 29, 2007 by the opposing party, the civil matter has been fully resolved between the parties.

Our civil demand letter does not assert that I am licensed to practice law in North Dakota or that my firm was filing a lawsuit in North Dakota. In fact, our letter clearly disclosed that I am only licensed to practice law in Florida and Texas. Real estate and various commercial attorneys often request settlements from parties who live in states other than those they are licensed in and when unable to resolve the disputes, typically refer those matters to local counsel. This should be no different.

Shoplifting losses cost retailers billions of dollars each year and it is the seriousness of the problem which has led the legislature of North Dakota and legislatures in almost all states, to enact civil statutes which most often provide civil penalty or exemplary damage liability even when merchandise attempted to be taken is returned to the retailer in merchantable condition. This type of penalty is a "cost spreading" measure to allow retailers to recover a small portion of the losses arising from people who get away with theft from the people who are caught trying to take items. The request phase is a first alternative dispute measure in the attempt to resolve these types of disputes without resorting to escalating the matter into litigation, mediation, which of course would require the retention of local counsel.

We trust this letter fully addresses the UPL concerns of Mr. Broden. Should you have any questions regarding this letter, please do not hesitate to contact my partner, Natt O. Reifler, or me.

Very truly yours,

James R. Palmer*
For the Firm

JRP/mz
Cc: Douglas Bowden, Esq.
     Robert G. Brown, Senior Investigator
* Licensed in Florida and Texas